IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MARTIN, MICHAEL J
                Plaintiff

vs

KANSAS COUNSELORS INC,
                Defendant

Case No: 12CV09891
Division: 3
K.S.A. Chapter 60

## SUMMONS

To the above-named defendant:

    YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

    Name:    A. SCOTT WADDELL
    Address: 2029 WYANDOTTE STE 100
                 KANSAS CITY, MO 64108
    Phone:   (816) 221-2555

Within 21 days after service of summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.



*Sandy McCurdy*

Clerk of the District Court

Dated: January 02, 2013

Johnson County Court House, 100 N. Kansas Ave. Olathe, KS 66061



EXHIBIT
A

Clerk of the District Court
Johnson County Kansas
1/2/2013 16:12:42 TY

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISION

| | |
|---|---|
| MICHAEL J. MARTIN | ) |
| Plaintiff, | ) 12 C V 0 9 8 9 7 |
| vs. | ) Case No.: _____ |
| | ) Division: 3 |
| KANSAS COUNSELORS, INC. | ) Chapter 60 |
| 8725 Rosehill Road, Suite 415 | ) |
| Lenexa, Kansas 66215-4611 | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Michael J. Martin ("Martin"), by and through counsel A. Scott Waddell of the Waddell Law Firm LLC, and for his Petition for Damages against Defendant Kansas Counselors, Inc., states as follows.

1. Plaintiff Martin resides in Johnson County, Kansas.

2. Defendant Kansas Counselors ("Kansas Counselors") is a "debt collector" as defined by the FDCPA, specifically 15 U.S.C. § 1692 a(6).

3. Defendant Kansas Counselors can be served by serving it at its business location of 8725 Rosehill Road, Suite 415, Lenexa, Kansas 66215-4611.

4. Jurisdiction and venue in the District Court of Johnson County are proper in that Defendant attempted to collect an alleged debt from Plaintiff in Johnson County, Kansas. Further, jurisdiction and venue in the District Court of Johnson County are proper in that plaintiff is a resident of Johnson County, Kansas. K.S.A. § 50-638 (b) *Venue* states, in full: "Every action pursuant to this act [KCPA] shall be brought in the district court of any county in which there occurred an act or practice declared to be a violation of this act, or in which the defendant resides or the defendant's principal place

1


CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2012 DEC 27 PM 2: 07

of business is located. If the defendant is a nonresident and has no principal place of business within this state, then the non-resident can be sued either in the district court of Shawnee county or in the district court of any county in which there occurred an act or practice declared to be a violation of this act."

5. Plaintiff Martin is a "consumer" as defined by 15 U.S.C. § 1692 a(3).

6. Defendant was and is attempting to collect an alleged "debt" as defined by 15 U.S.C. § 1692 a(5).

7. Plaintiff Martin received dunning calls from Defendant's employees and/or agents in June, 2010 insisting that Martin owed a medical debt (to Shawnee Mission Physicians) that had been assigned to Defendant to collect upon. Martin does not and did not owe such a debt.

8. Defendant's employee and/or agent subsequently requested Martin's social security number, date of birth, address, etc., in an alleged attempt to clarify whether or not Martin was responsible for this alleged debt. Martin subsequently provided Defendant's employee and/or agent with the requested information.

9. Defendant's employee and/or agent attached Martin's social security number, date of birth and address to this alleged debt (belonging to someone else) with the information Martin provided.

10. Martin has since contacted the alleged original creditor (Shawnee Mission Physicians) regarding this disputed debt. The alleged original creditor (via "Stacy") insisted that this account at issue was sent to Defendant without any social security number, confirming Defendant's agent and/or employee improperly and illegally assigned this alleged debt to Martin upon receiving his social security number.

11. On information and belief, Stacy called Defendant's ownership and management and insisted that Defendant was not to further attempt to collect this alleged debt from Martin.

12. Recently (within the last several months), Martin purchased an investment property and in the process of this transaction, learned that Defendant is still falsely reporting this debt on Martin's credit report(s) as of October 22, 2012. Defendant's false report on Plaintiff's credit report increased the amount Plaintiff will be paying in additional interest for this investment property.

13. When Martin confronted Defendant with the aforementioned, Martin was told that Defendant still has the account at issue and an additional three or four other delinquent accounts now assigned to Martin's social security number, name, date of birth, etc.

14. Martin again contacted the original creditor and they were able to verify and confirm that they contacted Defendant back in October 2010 and instructed Defendant to halt collecting upon Martin related to this alleged debt.

15. The Kansas Supreme Court has previously held that an independent debt collection agency falls within the definition of a "supplier" and is subject to the provisions of the Kansas Consumer Protection Act ("KCPA").

*State ex rel. Miller v. Midwest Serv. Bur. of Topeka, Inc.*, 229 Kan. 322, 329, 623 P.2d 1343, 1349 (1981).

16. Plaintiff sent Defendant a *Nelson v. Miller* demand on December 10, 2012 which resulted in Defendant's insurer Travelers (via Sean Halbruner) responding that liability was denied and that no counter offer would be forthcoming, necessitating the filing of this action.

3

17. Defendant is vicariously liable for the actions and omissions of its employees and/or agents.

## COUNT ONE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff Martin, for this Count One of Plaintiff's Petition for Damages against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

19. Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not limited to, the following:

(a) engaging in conduct that had the natural consequence to harass, oppress and/or abuse Plaintiff in connection with the collection of a debt (15 U.S.C. § 1692d); and

(b) making false, deceptive, and misleading representations and collection means in connection with the collection of a debt (15 U.S.C. § 1692e); and

(c) misrepresenting the legal status of a debt (15 U.S.C. § 1692e(2)(A)); and

(d) the use of false representations or deceptive means to collect or attempt to collect any debt (15 U.S.C. § 1692e(10)); and

(e) utilizing unfair or unconscionable means to collect or attempt to collect a debt (15 U.S.C. § 1692f).

WHEREFORE, for Plaintiff's Petition for Damages, Plaintiff Martin respectfully prays that this Court enter judgment against Defendant in the amount of $1,000.00 or for Plaintiff's actual damages, whichever is greater, for Plaintiff's costs in maintaining this action and reasonable attorney's fees at $250.00 per hour pursuant to 15 U.S.C. § 1692k(a)(3), for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

## COUNT TWO
## BREACH OF THE KANSAS CONSUMER PROTECTION ACT
## UNCONSCIONABLE ACTS AND PRACTICES

20. Plaintiff Martin, for this Count Two of Plaintiff's Petition for Damages against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

21. Defendant is a "supplier" under the Kansas Consumer Protection Act ("KCPA"), specifically K.S.A. § 50-624 (j).

22. Plaintiff is a "consumer" under the KCPA, specifically K.S.A. § 50-624 (b).

23. Defendant's attempts to collect a debt from Plaintiff Martin constitutes a "consumer transaction" under the KCPA, specifically K.S.A. § 50-624 (c).

24. Plaintiff Martin has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct.

25. Defendant's violations of K.S.A. § 50-627, Unconscionable acts and practices, include, but are not limited to:

(a) generally engaging in unconscionable conduct in continuing to attempt to collect a debt from a consumer that does not in fact owe the debt even after Defendant was put on notice that Plaintiff did not owe the debt, in violation of K.S.A. § 50-627 (a); and

(b) generally engaging in unconscionable conduct in continuing to report that Plaintiff owes a consumer debt that Plaintiff does not in fact owe, even after Defendant was put on notice that Plaintiff did not owe the debt, in violation of K.S.A. § 50-627 (a); and

(c) generally making unconscionable representations and/or misrepresentations, in violation of K.S.A. § 50-627 (a).

WHEREFORE, for Count Two of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant in the amount of $10,000.00 for every violation of the Kansas Consumer Protection Act per K.S.A. § 50-

5

636 (a), or for Plaintiff's actual damages, whichever is greater, for Plaintiff's costs and legal fees at $250.00 per hour for attorney A. Scott Waddell in maintaining this action per K.S.A. § 50-634(e), for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

## COUNT THREE
### BREACH OF THE KANSAS CONSUMER PROTECTION ACT DECEPTIVE ACTS AND PRACTICES

26. Plaintiff Martin, for this Count Three of Plaintiff's Petition for Damages against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

27. Defendant was a "supplier" under the Kansas Consumer Protection Act ("KCPA"), specifically K.S.A. § 50-624 (j).

28. Plaintiff was a "consumer" under the KCPA, specifically K.S.A. § 50-624 (b).

29. Defendant's attempts to collect a debt from Plaintiff Martin constitutes a "consumer transaction" under the KCPA, specifically K.S.A. § 50-624 (c).

30. Plaintiff Martin has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct.

31. Defendant's violations of K.S.A. § 50-626, Deceptive acts and practices, include, but are not limited to:

(a) the supplier made willful use of a falsehood as to a material fact, in violation of K.S.A. § 50-626 (b)(2); and

(b) the supplier willfully failed to state a material fact, or willfully concealed, suppressed or omitted a material fact, in violation of K.S.A. § 50-626 (b)(3); and

(c) the supplier (generally) made false and/or misleading representations, knowingly or with reason to know, of fact, in violation of K.S.A. § 50-626

6

(a), to which Plaintiff relied upon said representation(s) to his detriment; and

(d) the supplier made false statements, knowingly or with reason to know, involving consumer rights, remedies or obligations, in violation of K.S.A. § 50-626 (b)(8).

WHEREFORE, for Count Three of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant in the amount of $10,000.00 or for Plaintiff's actual damages, whichever is greater, for every violation of the Kansas Consumer Protection Act per K.S.A. § 50-636 (a), for Plaintiff's costs and legal fees at $250.00 per hour for attorney A. Scott Waddell in maintaining this action per K.S.A. § 50-634(e), for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

## COUNT FOUR
## DEFAMATION

32. Plaintiff, for this Count Four of Plaintiffs' Petition for Damages against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

33. Defendant has published credit representations regarding Plaintiff to the credit reporting agencies.

34. Specifically, as of October 22, 2012, Defendant is falsely reporting that Plaintiff owes $136.00 to Defendant for an outstanding medical debt (the "Defamation").

35. This Defamation was willful and with malice. Defendant did not have any reasonable basis to believe that Plaintiff was responsible for the account reported. Defendant also had substantial evidence by which to have verified that the Plaintiff was not the person who owed the alleged debt to Defendant and/or Shawnee Mission Physicians. Further, even after being put on notice by Plaintiff that Plaintiff does not owe

any debt to Shawnee Mission Physicians, Defendant still falsely reported Plaintiff owed the alleged debt.

36. As a result of this defamatory conduct, action and inaction of Defendant, the Plaintiff suffered damage by the higher cost of credit, loss of the ability to purchase and benefit from credit, and anguish, frustration and lost time proximately caused by Defendant.

37. The Defamation, conduct and actions of Defendant were willful, deliberate, intentional and/or with reckless disregard to the rights and interests of Plaintiff.

WHEREFORE, for Count Four of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant in the amount to be determined at trial, for Plaintiff's costs and legal fees at $250.00 per hour for attorney A. Scott Waddell in maintaining this action, for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

## COUNT FIVE
## FAIR CREDIT REPORTING ACT

38. Plaintiff, for this Count Five of Plaintiffs' Petition for Damages against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

39. Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Defendant's violations, include, but are not limited to, continuing to make a representation within Plaintiff's credit file that Defendant is owed money by Plaintiff without also including a notation that this debt was disputed; by failing to properly investigate the Plaintiff's dispute of the Defendant's representation; by failing to review

all relevant information regarding the same; by failing to accurately respond to Plaintiff's requests to have the matter removed from his credit report and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the misrepresentations to the consumer reporting agencies.

40. As a result of this conduct, action and inaction of Defendant, the Plaintiff suffered damage by the higher cost of credit, loss of the ability to purchase and benefit from credit, and anguish, frustration and lost time proximately caused by Defendant.

41. Defendant's conduct, action and inaction were willful, rendering it liable for actual and statutory damages to be determined pursuant to 15 U.S.C. § 1681. In the alternative, Defendant was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

42. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, for Count Five of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant in the amount to be determined at trial, for Plaintiff's costs and legal fees at $250.00 per hour for attorney A. Scott Waddell in maintaining this action, for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

## COUNT SIX
## DECLARATORY JUDGMENT

43. Plaintiff, for this Count Six of Plaintiffs' Petition for Damages against Defendant, incorporates the previous paragraphs as if wholly set forth herein.

9

44. Pursuant to K.S.A. § 60-1701 *et seq.*, Plaintiff prays that this Court declare that Plaintiff does not owe Defendant, Shawnee Mission Physicians or anyone else anything on the alleged account and that Defendant be precluded from ever collecting this alleged debt from Plaintiff ever again.

WHEREFORE, for Count Six of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment and declare that Plaintiff does not owe Defendant, Shawnee Mission Physicians or anyone else anything on the alleged account and that Defendant be enjoined and precluded from ever collecting this alleged debt from Plaintiff ever again, for Plaintiff's costs and legal fees at $250.00 per hour for attorney A. Scott Waddell in maintaining this action, for pre and post-judgment interest at the greatest rate allowed by the State of Kansas, and for any other relief which the Court may deem just and proper.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO K.S.A. § 60-238.

Respectfully submitted,

A. Scott Waddell     KS# 20955
Waddell Law Firm LLC
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
scott@aswlawfirm.com
Telephone: 816-221-2555
Facsimile: 816-221-2508
**Attorney for Plaintiff**