IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Michael J. Martin,                                               Civil No. 13-cv-2041 KHV/DJW

      Plaintiff,

v.                                                           **ANSWER TO PLAINTIFF'S PETITION**

Kansas Counselors, Inc.,

      Defendant.

Defendant Kansas Counselors, Inc. ("KCI"), for its Answer to Plaintiff's Petition, states and alleges as follows:

1. Except as hereinafter admitted, qualified, or otherwise answered, Defendant KCI denies each and every allegation contained in Plaintiff's Petition.

2. In response to Paragraph 1 of Plaintiff's Petition, Defendant KCI alleges that it lacks sufficient information or knowledge to either admit or deny the allegations related to Plaintiff's residency and alleges that to the extent the allegations constitute legal conclusions, no response is required.

3. In response to Paragraph 2 of Plaintiff's Petition, Defendant KCI alleges that the allegations constitute legal conclusions, to which no response is required.

4. In response to Paragraph 3 of Plaintiff's Petition, Defendant KCI admits only that Kansas Counselors, Inc.'s business is located in Lenexa, Kansas and alleges that to the extent the remaining allegations constitute legal conclusions, no response is required.

5. In response to Paragraphs 4–6 of Plaintiff's Petition, Defendant KCI alleges that the allegations constitute legal conclusions, to which no response is required.

6. In response to Paragraph 7 of Plaintiff's Petition, Defendant KCI admits only that it communicated with Plaintiff regarding a financial obligation, and admits that Plaintiff alleges he did not owe the financial obligation.

7. In response to Paragraph 8 of Plaintiff's Petition, Defendant KCI admits that it communicated with Plaintiff and generally admits it attempted to confirm whether Plaintiff was the party obligated on the debt and admits that Plaintiff provided certain information. Defendant KCI alleges that to the extent the allegations constitute legal conclusions, no response is required.

8. Defendant KCI denies the allegations contained in Paragraph 9 of Plaintiff's Petition.

9. In response to Paragraph 10 of Plaintiff's Petition, Defendant KCI alleges that it lacks sufficient information or knowledge to either admit or deny the allegations related to Plaintiff's communications with Shawnee Mission Physicians and denies the remaining allegations contained therein. Defendant KCI further alleges that to the extent the allegations constitute legal conclusions, no response is required.

10. Defendant KCI denies the allegations contained in Paragraph 11 of Plaintiff's Petition.

11. In response to Paragraph 12 of Plaintiff's Petition, Defendant KCI alleges that it lacks sufficient information or knowledge to either admit or deny the allegations related to Plaintiff's property and denies the remaining allegations contained therein.

Defendant KCI further alleges that to the extent the allegations constitute legal conclusions, no response is required.

12. Defendant KCI denies the allegations contained in Paragraph 13 of Plaintiff's Petition.

13. In response to Paragraph 14 of Plaintiff's Petition, Defendant KCI alleges that it lacks sufficient information or knowledge to either admit or deny the allegations related to Plaintiff's communications with Shawnee Mission Physicians and denies the remaining allegations contained therein. Defendant KCI further alleges that to the extent the allegations constitute legal conclusions, no response is required.

14. In response to Paragraph 15 of Plaintiff's Petition, Defendant KCI alleges that the allegations constitute legal conclusions, to which no response is required.

15. In response to Paragraph 16 of Plaintiff's Petition, Defendant KCI admits only that it received a meritless demand from Plaintiff and that Plaintiff was informed that liability was denied and thereafter Plaintiff initiated this action. Defendant KCI denies the remaining allegations contained therein and alleges that to the extent the allegations constitute legal conclusions, no response is required.

16. In response to Paragraph 17 of Plaintiff's Petition, Defendant KCI alleges that the allegations constitute legal conclusions, to which no response is required.

## **COUNT ONE**

17. In response to Paragraph 18 of Plaintiff's Petition, Defendant KCI hereby incorporates by reference all of the above paragraphs.

18. In response to Paragraph 19 of Plaintiff's Petition including all its subparts and prayer for relief, Defendant KCI denies the allegations contained therein and alleges that to the extent the allegations constitute legal conclusions, no response is required.

## COUNT TWO

19. In response to Paragraph 20 of Plaintiff's Petition, Defendant KCI hereby incorporates by reference all of the above paragraphs.

20. In response to Paragraphs 21–25 of Plaintiff's Petition including all its subparts and prayer for relief, Defendant KCI denies the allegations contained therein and alleges that to the extent the allegations constitute legal conclusions, no response is required.

## COUNT THREE

21. In response to Paragraph 26 of Plaintiff's Petition, Defendant KCI hereby incorporates by reference all of the above paragraphs.

22. In response to Paragraphs 27–31 of Plaintiff's Petition including all its subparts and prayer for relief, Defendant KCI denies the allegations contained therein and alleges that to the extent the allegations constitute legal conclusions, no response is required.

## COUNT FOUR

23. In response to Paragraph 32 of Plaintiff's Petition, Defendant KCI hereby incorporates by reference all of the above paragraphs.

24. In response to Paragraphs 33–37 of Plaintiff's Petition including all its subparts and prayer for relief, Defendant KCI denies the allegations contained therein and

alleges that to the extent the allegations constitute legal conclusions, no response is required.

## COUNT FIVE

25. In response to Paragraph 38 of Plaintiff's Petition, Defendant KCI hereby incorporates by reference all of the above paragraphs.

26. In response to Paragraphs 39–42 of Plaintiff's Petition including all its subparts and prayer for relief, Defendant KCI denies the allegations contained therein and alleges that to the extent the allegations constitute legal conclusions, no response is required.

## COUNT SIX

27. In response to Paragraph 43 of Plaintiff's Petition, Defendant KCI hereby incorporates by reference all of the above paragraphs.

28. In response to Paragraph 44 of Plaintiff's Petition including all its subparts and prayer for relief, Defendant KCI denies the allegations contained therein and alleges that to the extent the allegations constitute legal conclusions, no response is required.

29. Defendant KCI admits that Plaintiff requests a jury trial in this matter.

30. Denies that Plaintiff has suffered any actual damages.

31. Alleges that Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel and waiver.

32. Alleges that certain of Plaintiff's claims, including the alleged defamation claim are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

33. Alleges that Plaintiff has failed to mitigate his damages.

34. Alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

35. Alleges that Plaintiff has failed to join an indispensable party.

36. Alleges that Plaintiff's damages, if any, are the result of Plaintiff's own conduct or the conduct of other persons or entities.

37. Alleges that Plaintiff's damage, if any, was caused by actions or inactions of third parties over whom KCI had no control and for which it is not responsible.

**WHEREFORE**, Defendant Kansas Counselors, Inc. prays that Plaintiff take nothing by his asserted claims, that the lawsuit be dismissed with prejudice and on the merits, and that Defendant be awarded its attorneys' fees, costs, disbursements, and any other relief the Court deems just and proper.

Respectfully Submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

By: /s/ Pamela J. Welch
Pamela J. Welch           # 21534
8900 Ward Parkway
Kansas City, Missouri   64114
Phone: (816) 421-7100
Fax:   (816) 421-7915
pwelch@fsmlawfirm.com

and

        Michael A. Klutho         #78069
**BASSFORD REMELE, P.A.**
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota  55402-3707
Telephone:   (612) 333-3000
Facsimile:     (612) 333-8829
mklutho@bassford.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

A Scott Waddell   #20955
Waddell Law Firm, LLC
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
Phone: (816) 221-2555
Fax: (816) 221-2508
scott@aswlawfirm.com
**ATTORNEY FOR PLAINTIFF**


   /s/ Pamela J. Welch
Attorney for Defendant