UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Michael J. Martin, | Civil No. 13-cv-2041 KHV-DJW |
| Plaintiff, | |
| | **KCI'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Kansas Counselors, Inc., | |
| Defendant. | |

## I.   UNCONTROVERTED MATERIAL FACTS

1.   Plaintiff's full name is Michael *Joseph* Martin. (Klutho Dec., Ex. A, Martin Depo. at 4:9.)

2.   Plaintiff resides in Overland Park, Johnson County, Kansas and has lived in Overland Park for the past several years. (*Id*. at 8:10–24.)

3.   On June 24, 2010 and October 25, 2010, KCI contacted Plaintiff regarding an unpaid financial obligation incurred at a clinic by a "Michael Martin." (*Id*. at 14:16–25, 15:1–3, 15:6–15, 18–19, 98–99.)

4.   When Plaintiff could not recall whether or not he owed the subject debt, the KCI employee provided the name of the clinic "Shawnee Mission Medical Center" and the debtor's address on file. (*Id*. at 18–19.) Plaintiff acknowledged that he had been to Shawnee Mission Medical Center in the past and that he could not recall whether or not he had lived at the referenced address. (*Id*.)

5.      In an attempt to verify whether the debt was his, Plaintiff provided the KCI employee with personal identification information, including his birthdate, social security number, and address. (*Id*. at 15:25, 16–18.)

6.      Plaintiff's personal identification information did not match the information in KCI's file. (*Id*. at 17:19-23, 18:1-23.) Plaintiff indicated that he would contact the involved clinic directly for more information. (*Id*. at 97:12-23.)

7.      Plaintiff thereafter called Shawnee Mission Medical Center and confirmed that the debt at issue was not his. (*Id.* at 23:21–25, 24:1–10.) The clinic representative allegedly stated that the account would not be reported to the credit bureaus because it had been transferred to KCI "with no Social Security number." (*Id*. at 24:1–10.) Plaintiff did not recall contacting KCI with the information he allegedly received from the clinic's representative. (*Id*. at 25:1–7.)

8.      On October 4, 2010 and November 16, 2010, KCI furnished certain information into the credit reporting system regarding the *actual* debtor "Michael Martin." (*Id.* at 89-95.) The information furnished to the credit reporting system included personal identification information including a birthdate and address for a "Michael Martin," but not the Plaintiff. (*Id*.) No social security number, *middle initial*, or phone number was furnished by KCI. (*Id*.) In addition, no information whatsoever was furnished regarding Michael *Joseph* Martin, the Plaintiff. (*Id*.)[1]

---

[1] On December 5, 2012, KCI again sent information to the credit bureaus regarding Michael *Reid* Martin, the actual debtor. A social security number (Michael *Reid* Martin's) was provided. Once again, no information was provided regarding Michael *Joseph* Martin, the Plaintiff. (Klutho Dec., Ex. A, Martin Depo. at 94-95.)

9.  In June 2012, Plaintiff, while engaged in the purchase of an investment property, discovered that a trade line referencing KCI appeared on one of his credit reports (Experian only). (*Id*. at 22–23, 31.)

10. Plaintiff alleges that his "credit score had dropped [since 2008] and the only thing different according to my mortgage broker was Kansas Counselors reporting as a bad debt."[2] (*Id*. at 27:24–25. 28:1–2.)

11. Based upon this information, Plaintiff alleges "it became very clear" to him that KCI "had taken [his] Social Security number, [and] applied it to the accounts." (*Id*. at 25:16–20.)

12. Plaintiff contacted KCI after learning that a KCI trade line appeared on his Experian credit report. (*Id*. at 25:8–13.)

13. Plaintiff concedes that there is no proof that KCI applied[3] or otherwise reported his social security number to the credit bureaus or that his credit score dropped, but rather

---

[2] Plaintiff admits that he has been behind on bills. (*Id*. at 20:18–20.) Plaintiff's credit report shows that his credit score was negatively impacted by the following factors: (1) proportion of balances to credit limits too high on revolving accounts; (2) delinquency is too recent or unknown; (3) number of accounts with delinquency; (4) amount owed on revolving accounts is too high; and (5) number of inquiries on the consumer's credit file. (*Id*. at 120–127.) In addition, although the factors illustrated above were consistent among the three credit bureaus, only one bureau (Experian) included the KCI trade line. (*Id*. at 137–139.)

[3] KCI cannot "apply" information to any individual's credit report. KCI can only transmit information to the credit bureaus. Then it is up to the credit bureaus to place the information on the correct consumer's credit records. The credit bureaus assign the furnished information to a particular individual in the form of a trade line. KCI does not control the information contained in an individual's credit report. (*Id*., Ex. B, Haji-Karim Depo. at 62-63, 64:21-22, 66:7-11, 68:10-19, 69:9-12.)

states that "it seemed like a logical deduction." (*Id*. at 26:25, 27:1–4, 31–32, 33–35.) The only "proof" Plaintiff has is that "in June 2010 or the summer of 2010, [he] had a conversation [with KCI] where in good faith [he] gave them [his] Social Security number."[4] (*Id*. at 48:1–8.)

14. KCI informed Plaintiff of the process for Plaintiff to directly dispute the trade line with Experian.[5] (*Id*., Ex. A at 102:20–24; *id*., Ex. B Haji-Karim Depo. at 60:3-6, 65-66.)

15. Plaintiff never initiated this process nor directly disputed the trade line with Experian and to this day Plaintiff continues to refuse to take any such actions to correct what he believes is inaccurate information. (*Id*., Ex. A at 40:3–16, 112:3–19, 59:13–24.) In fact, Plaintiff has never pulled or reviewed his own credit report in over eight years. (*Id*. at 20–22, 32:5–12.) Despite alleging damage to his credit, Plaintiff still has not reviewed or pulled a complete credit report from any of the three major credit bureaus, including the offending bureau, Experian, even after initiating this litigation. (*Id*. at 22, 32–33.)

---

[4] In fact, once presented with the reports documenting the information sent by KCI to the credit bureaus during discovery in this lawsuit, Plaintiff confirmed that the information furnished by KCI to the credit bureaus did not include Plaintiff's identifying information but only included information regarding non-plaintiff and actual debtor, "Michael *Reid* Martin." (*Id*., Ex. A at 89–95.)

[5] If information on an individual's credit report is inaccurate, the individual can initiate a process with the credit bureau to dispute the information and request that it be modified or deleted. A data furnisher can also request the credit bureau delete or modify inaccurate information on an individual's credit report, but it does not control what actions (if any) the credit bureau will take upon receipt of such a request. (*Id*., Ex. A at 40:12–24; *id*., Ex. B at 62-63, 64:21-22, 66:7-11, 68:10-19, 69:9-12.)

16.     On October 30, 2012, Plaintiff sent KCI a letter requesting that the KCI trade line be taken off his Experian credit report. (*Id*., Ex. A at 44:7–16; *id*., Ex. B at 59-62.)

17.     KCI investigated the dispute and submitted a request to the credit bureau to delete the trade line. (*Id*., Ex. B at 59-63.)

18.     Plaintiff hired an attorney to initiate a lawsuit against KCI. (*Id*., Ex. A at 25:20–21.) Other than hiring an attorney and contacting KCI, Plaintiff has taken no action to mitigate his claimed injuries or otherwise address the trade line on his Experian credit report. (*Id*. at 54:9–12.)

Based on the above undisputed facts, there is no genuine issue of material fact. Plaintiff's Petition fails as a matter of law and KCI is entitled to summary judgment.

## II.     INTRODUCTION

Plaintiff "Michael Martin" has the same name as another "Michael Martin". Both reside in Kansas. Plaintiff alleges that Kansas Counselors, Inc. ("KCI") "falsely reported" his social security number, date of birth, and address to the credit bureaus, in connection with a debt belonging to the "other" Michael Martin.

However, the undisputed facts demonstrate that KCI never provided *any* information *regarding Plaintiff* to the credit bureaus. Instead, KCI submitted personal identification information to the credit reporting system regarding the "other" (actual) debtor by the same name. Thus, all of Plaintiff's claims against KCI fail as a matter of law and KCI is entitled to summary judgment.[6]

---

[6] Plaintiff has abandoned his claim of Defamation (Count Four) and claim under the Fair Credit Reporting Act (Count Five). (Doc. # 29 at 8.) Plaintiff has also withdrawn his

### III. ISSUE PRESENTED

Is KCI entitled to summary judgment because it did not furnish *any* information regarding Michael *Joseph* Martin, the Plaintiff, to the credit bureaus?

### IV. SUMMARY JUDGMENT STANDARD

Summary judgment eliminates the need for a trial where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be satisfied by presenting specific evidence on a particular issue or by indicating "an absence of evidence to support the non-moving party's case." *Id*. at 325. Once the movant has met this burden, the non-movant cannot simply rest on the bare allegations of the pleadings; rather, that party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir.1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

---

claim for actual damages. (*Id*. at 7-8.) Accordingly, those claims too should be dismissed in their entirety.

"In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Dillon v. Riffel-Kuhlmann*, 574 F. Supp. 2d 1221, 1222 (D. Kan. 2008) (citing *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)). "The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome convincing presentation by the moving party." *Conway*, 853 F.2d at 794. "The litigant must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful." *Id*. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Burdett v. Harrah's Kansas Casino Corp.*, 294 F. Supp. 2d 1215, 1224 (D. Kan. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

### V.     ARGUMENT

**THERE IS NO GENUINE ISSUE OF MATERIAL FACT TO DISPUTE THAT KCI NEVER REPORTED ANY INFORMATION REGARDING PLAINTIFF MICHAEL *JOSEPH* MARTIN TO THE CREDIT BUREAUS.**

In this case, Plaintiff has the burden to prove that KCI improperly reported his personal identification information to Experian in connection with a debt belonging to someone else. This sole allegation forms the basis of all of Plaintiff's claims contained in his Petition. Because Plaintiff cannot present *prima facie* admissible evidence to support his theory, his claims fail as a matter of law. *See, e.g., Bias v. Advantage Int'l, Inc.*, 905

F.2d 1558, 1561 (D.C. Cir. 1990) ("The [plaintiff] is not entitled to reach the jury merely on the supposition that the jury might not believe the defendants' witnesses.").

Here, Plaintiff's Petition is ripe for summary judgment. All of Plaintiff's claims are premised on the single allegation that KCI "attached [Plaintiff's] social security number, date of birth and address to this alleged debt (belonging to someone else) with the information" provided by Plaintiff and "falsely reported" the debt "on Plaintiff's credit report." (Plaintiff's Petition at ¶¶ 9, 12.)

But the undisputed facts show that KCI did not furnish *any* information regarding Plaintiff to the credit bureaus. (Klutho Dec., Ex. A at 26:25, 27:1–4, 31–32, 33–35, 89-95.) Rather, KCI provided information solely pertaining to Michael *Reid* Martin. (*Id.*) Moreover, KCI merely furnishes information to the credit bureaus; it does not control the information once it is sent to the credit bureaus and it cannot "apply" information to any particular individual's report. (*Id.*, Ex. B at 62-63, 64:21-22, 66:7-11, 68:10-19, 69:9-12.) Plaintiff's beef is with Experian, the credit bureau that mistakenly applied one consumer's credit information to Plaintiff's credit report. KCI cannot be held liable for the conduct of Experian.

Moreover, just as KCI does not control the "application" of an individual's information to a credit report, it likewise does not control its modification or deletion. The process for deleting or modifying information from a trade line is the same for KCI as it is for Plaintiff: KCI can only request that the credit bureau delete the trade line. (*Id.* at 64:21-22, 66:7-11, 68:10-19.)

8

In this case, KCI *did* submit a request to the credit bureau to delete the trade line. (*Id.*)  Curiously and notably, Plaintiff did not. In fact, Plaintiff has failed to take *any* action (other than hiring an attorney and initiating this lawsuit against KCI) to correct his Experian credit report.  (*Id.*, Ex. A at 25:20–21, 54:9–12.)   Simply put, there is no evidence to even suggest that KCI is liable and therefore summary judgment is warranted.

## VI.     CONCLUSION

For the reasons set forth above, Defendant KCI respectfully requests the Court to grant its motion for summary judgment and dismiss Plaintiff's claims in their entirety.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

  /s/ Pamela J. Welch
PAMELA J. WELCH           Ks.#21534
8900 Ward Parkway
Kansas City, Missouri 64114
Phone: (816) 421-7100
Fax:    (816) 421-7915
pwelch@fsmlawfirm.com

and

Michael A. Klutho         Ks.#78069
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota  55402-3707
(612) 333-3000/Fax: (612) 333-8829
mkluto@bassford.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 3rd day of February, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

A Scott Waddell   #20955
Waddell Law Firm, LLC
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
Phone: (816) 221-2555
Fax: (816) 221-2508
scott@aswlawfirm.com
**ATTORNEY FOR PLAINTIFF**


  /s/ Pamela J. Welch
Attorney for Defendant