## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

---

Michael J. Martin,                          Civil No.  13-2041 KHV-DJW

      Plaintiff,

v.                                          **KCI'S REPLY MEMORANDUM IN**
                                            **SUPPORT OF MOTION FOR**
Kansas Counselors, Inc.,                    **SUMMARY JUDGMENT**

      Defendant.

---

### <u>INTRODUCTION</u>

Plaintiff's claims are all premised on a mistaken allegation that KCI "falsely reported" information regarding Plaintiff to a credit bureau, Experian.  (Plaintiff' Petition at ¶¶ 9-14.)  But Plaintiff fails to raise a genuine issue of material fact that KCI ever furnished Experian with any information regarding Plaintiff, much less false information. In fact, Plaintiff admits that KCI never furnished any of his information to Experian. Because there are no disputed material facts regarding Plaintiff's claims, KCI is entitled to summary judgment and Plaintiff's Petition should be dismissed in its entirety.[1]  But this is not the end of the story in this saga.

When confronted with this summary judgment motion, Plaintiff responded by attempting to raise a new issue for the first time claiming that KCI allegedly attempted to collect on *other* debts after allegedly being notified that Plaintiff did not owe them.

---

[1] Plaintiff likewise does not dispute that he has abandoned his (1) claim of Defamation (Count Four); (2) claim under the Fair Credit Reporting Act (Count Five); and (3) claim for actual damages and therefore those claims should be dismissed.  (Doc. # 29 at 7-8.)

Plaintiff's contention is contrary to law and the facts of this case. Plaintiff's Petition contains no factual allegations to support such a claim. Moreover, the deadline to amend pleadings has passed. Thus, Plaintiff's newly attempted arguments in this regard should be ignored.

In any event, even if considered, the undisputed facts do not support Plaintiff's latest allegations. It is undisputed that Plaintiff never provided a written dispute to KCI; therefore under the FDCPA there was no obligation to cease collections and verify the debt. Moreover, Plaintiff's recently filed sham affidavit does not give rise to a viable claim; much less create a genuine issue of material fact as set out below. Because Plaintiff's allegations do not rise to the level of a genuine issue of material fact, KCI is entitled to summary judgment and Plaintiff's Petition should be dismissed in its entirety.

## **RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS**

19.     Undisputed.

20.     Undisputed.

21.     Undisputed (except as to "insisted." Instead, the KCI representative sought to collect a debt believed to be owed by Plaintiff). In any event, this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment. Fed. R. Civ. P. 56.

22.     Undisputed (based on current knowledge).

23.     Disputed. Plaintiff could not recall whether he owed the debt. (Doc. # 33-1 at 18-19.) In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and therefore this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment. Fed. R. Civ. P. 56.

24.     Disputed. Plaintiff could not recall whether he owed the debt. (Doc. # 33-1 at 18-19.) In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and therefore this allegation does not amount to a "material

fact" or "genuine issue" of dispute so as to defeat summary judgment.  Fed. R. Civ. P. 56.

25.   Undisputed.

26.   Undisputed.

27.   Undisputed.

28.   Undisputed.

29.   Disputed. KCI investigated the dispute with Shawnee Mission after it received Plaintiff's written dispute in October 2012. (Doc. # 33-2 at 59-63.) In any event, it is undisputed that KCI did not furnish any information regarding Plaintiff to the credit bureaus and therefore this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment. Fed. R. Civ. P. 56.

30.   Undisputed.

31.   Disputed.  KCI never received a written dispute from Plaintiff regarding the Emergency Department Physicians debt. (Klutho Dec., Ex. A, Karim Depo. at 73-74; Doc. # 33-1 at 97-104.) In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and the referenced debt is not the subject of this dispute.  Thus, this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment.  Fed. R. Civ. P. 56.

32.   Disputed.  KCI never received a written dispute from Plaintiff regarding the Johnson County Wastewater debt. (Klutho Dec., Ex. A, Karim Depo. at 73-74; Doc. # 33-1 at 97-104.) In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and the referenced debt is not the subject of this dispute.  Thus, this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment.  Fed. R. Civ. P. 56.

33.   Disputed.  KCI never received a written dispute from Plaintiff regarding the Johnson County Wastewater debt. (Klutho Dec., Ex. A, Karim Depo. at 73-74; Doc. # 33-1  at 97-104.)  In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and the referenced debt is not the subject of this dispute.  Thus, this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment.  Fed. R. Civ. P. 56.

34.   Undisputed.

35.     Undisputed.

36.     Undisputed, in part.  Plaintiff was told of the other accounts and that the Shawnee Mission account was owed by a Michael Martin. In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and therefore this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment.  Fed. R. Civ. P. 56.

37.     Disputed. KCI investigated the dispute with Shawnee Mission after it received Plaintiff's written dispute in October 2012. (Doc. # 33-2 at 59-63.) In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and therefore this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment.  Fed. R. Civ. P. 56.

38.     Undisputed.

39.     Undisputed.

40.     Undisputed.

41.     Disputed. KCI attempted to collect the Shawnee Mission debt from Michael Martin, which is Plaintiff's name. KCI ceased attempting to collect the Shawnee Mission debt after it received Plaintiff's written dispute in October 2012 and confirmed that it did not belong to Plaintiff. (Doc. # 33-2 at 59-63.) KCI never received a written dispute as to the other debts referenced by Plaintiff. (Klutho Dec., Ex. A, Karim Depo. at 73-74; Doc. # 33-1  at 97-104.) In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and the other debts are not the subject of this dispute.  Thus, this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment.  Fed. R. Civ. P. 56.

42.     Undisputed.

43.     Undisputed.

44.     Disputed.  In 2010, Plaintiff could not recall whether he owed the debt.  (Doc. # 33-1 at 18-19.) KCI ceased attempting to collect the Shawnee Mission debt after it received Plaintiff's written dispute in October 2012 and confirmed that it did not belong to Plaintiff. (Doc. # 33-2 at 59-63.)  In any event, it is undisputed that KCI did not furnish information regarding Plaintiff to the credit bureaus and therefore this allegation does not amount to a "material fact" or "genuine issue" of dispute so as to defeat summary judgment.  Fed. R. Civ. P. 56.

45.     Disputed. KCI ceased attempting to collect the Shawnee Mission debt after it
        received Plaintiff's written dispute in October 2012 and confirmed that it did not
        belong to Plaintiff. (Doc. # 33-2 at 59-63.)   KCI never received any written
        disputes regarding the other debts referenced by Plaintiff. (Klutho Dec., Ex. A,
        Karim Depo. at 73-74; Doc. # 33-1 at 97-104.)  In any event, it is undisputed that
        KCI did not furnish information regarding Plaintiff to the credit bureaus and
        therefore this allegation does not amount to a "material fact" or "genuine issue" of
        dispute so as to defeat summary judgment.     Fed. R. Civ. P. 56.

46.     Undisputed.  Plus, KCI never received any written disputes regarding Johnson
        County Wastewater debt referenced by Plaintiff. (Klutho Dec., Ex. A, Karim
        Depo. at 73-74; Doc. # 33-1 at 97-104.)

47.     Undisputed.   Plus, KCI never received any written disputes regarding the
        Emergency Department Physicians debt referenced by Plaintiff. (Klutho Dec., Ex.
        A, Karim Depo. at 73-74; Doc. # 33-1 at 97-104.)

48.     The allegation is a legal conclusion and not an admissible statement of fact and
        therefore no response is required.  Local Rule 56.1(d).

49.     Undisputed.

## ARGUMENT

I.    **IT REMAINS UNDISPUTED THAT KCI NEVER FURNISHED ANY
      INFORMATION REGARDING PLAINTIFF TO A CREDIT REPORTING
      AGENCY[2].**

      Plaintiff fails to address or present any evidence to dispute the fact that KCI never

provided *any* information regarding Plaintiff to any of the credit bureaus.[3] (Doc. # 34,

Plaintiff's Brief at ¶¶ 8, 13, 14, 17.)   Because it remains undisputed that KCI never

_____

[2] KCI reports to all three major credit reporting agencies (Experian, Equifax, and Trans
Union) yet the subject trade line only appeared on Plaintiff's Experian credit report.
Since KCI reported the same information to all three bureaus, this alone demonstrates
that the error was on the part of Experian, not KCI.

[3] Notably, Plaintiff likewise does not dispute that KCI has no control over the actions of
Experian or that KCI informed Plaintiff of the process to dispute the alleged offending
trade line directly with Experian. Plaintiff does concede and admit that he never initiated
this process to directly dispute the trade line with Experian. (Plaintiff Brief at 4 ¶15.)

furnished any information regarding Plaintiff to any of the credit bureaus, KCI is entitled to summary judgment, for this reason alone.

Curiously, Plaintiff chose to characterize his position as to the statement that KCI did not provide any information regarding Plaintiff to the credit bureaus -- as "controverted" -- but then failed to specifically address, much less present, any genuine issue of material fact in this regard. (Doc. # 34  at ¶¶ 8, 13.)  Of course, "conclusory statements are insufficient to defeat a motion for summary judgment." *Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1382 (10th Cir. 1994).  Thus, KCI's assertion must be deemed admitted.  D. Kan. Rule 56.1(a) ("All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless *specifically* controverted by the statement of the opposing party.") (emphasis added).

Instead, Plaintiff references nothing more than irrelevant background information in an effort to defeat summary judgment.  Plaintiff's efforts lack merit.  Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986) (emphasis in original).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, 477 U.S. at 248, 106 S. Ct. at 2510.

Because Plaintiff failed to submit any admissible facts or evidence that "might affect the outcome of the suit," there is no genuine issue of material fact and therefore KCI is entitled to summary judgment.

## II.   THE DEADLINE TO AMEND PLEADINGS HAS PASSED MAKING PLAINTIFF'S NEWLY SUBMITTED, BUT UNSUPPORTED ALLEGATIONS IRRELEVANT AND IMPROPER.

Plaintiff's actual Petition is premised on the sole allegation that KCI "falsely" furnished information regarding Plaintiff to Experian in connection with the Shawnee Mission debt.   But the undisputed facts show that KCI never furnished any such information.  Now, facing summary judgment, Plaintiff claims summary judgment is not warranted because he *now* alleges KCI attempted to collect other debts that he claims he did not owe.  (Doc. # 34  at 13.)  Plaintiff's post-petition and belated argument lack merit.

Plaintiff's Petition contains no allegations to support his new claim involving "other debts" referenced by Plaintiff in his opposition submissions.  To be sure, Plaintiff never moved to amend his Petition in this regard.  The deadline to amend pleadings has passed.  Fed. R. Civ. P. 15(a)(1), (2); *see also* Doc. #10 at ¶¶ 2, 7.  Plaintiff would have no basis to amend in any event where, as here, "the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."  *Murray v. Sevier*, 149 F.R.D. 638, 641 (D. Kan. 1993) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to

amend is subject to denial.") (citing *State Distributors Inc., v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984) and *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).

Plaintiff's improperly-pled claims asserted for the first time in his opposition to KCI's summary judgment motion should be ignored. *Deghand v. Wal-Mart Stores, Inc.*, 926 F. Supp. 1002, 1015 (D. Kan. 1996) (ignoring facts and issues first alleged in a plaintiff's response to summary judgment as improperly pled and offered "only in an effort to avoid summary judgment") (citations omitted); *see also Hanson v. Beloit Newspapers, Inc.,* No. 94–4023–SAC, 1995 WL 646808 at *11 n. 1 (D. Kan. Sept. 15, 1995) (a party may not amend its claims merely by arguing new facts and theories in opposition to the summary judgment motion); *Hullman v. Board of Trustees of Pratt Community College,* 732 F.Supp. 91, 93 (D. Kan. 1990) (a party cannot avoid the binding effect of the court's order by arguing new issues in its response to summary judgment), *aff'd,* 950 F.2d 665 (10th Cir. 1991).

To the extent that Plaintiff argues that his Petition somehow asserted a claim for collecting debts he claims he did not owe, this contention also fails.  Other than a recitation of the elements of his cause of action, Plaintiff's Petition contains no factual allegations to support such claims.  (Petition at ¶¶ 19, 25, 31; *see also* Doc. # 34  at 16-17, 20.)   Plaintiff's "formulaic recitation of the elements of a cause of action" and "conclusory statements" are insufficient to state a claim under Rule 12(b)(6), much less Rule 56.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (a court need not consider "threadbare recitals of a cause of action's elements,

supported by mere conclusory statements" on a motion to dismiss); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)

("[P]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do.").

Thus, even if considered, Plaintiff's untimely assertions fail to provide any

grounds for an entitlement to relief, so once again his claims must be dismissed.

### III.  IN ANY EVENT, PLAINTIFF'S IMPROPERLY PLED CLAIMS AND SHAM AFFIDAVIT FAIL TO RAISE A GENUINE ISSUE OF MATERIAL FACT.

Following 17 pages setting out a repetitious statement of supposed "facts" and

boilerplate case law, Plaintiff concludes with just a three-page argument premised on the

contention that "KCI has harassed Plaintiff for debts he does not owe[.]" (Doc. # 34  at

13.)  In essence, Plaintiff argues that "[d]espite advising [KCI] that Michael J. Martin did

not owe any debt", KCI "asked Michael J. Martin to pay it anyway." (*See, e.g.*, Doc. #

34 at ¶¶ 4, 6, 7, 8, 23, 43-45.)    Plaintiff's contention is misleading at best.  Even if

Plaintiff's improperly-pled assertions were considered, the undisputed facts and law do

not support Plaintiff's newest argument.

For example, Plaintiff testified at deposition that, when he originally spoke with

KCI, he could not recall whether he owed the Shawnee Mission debt. (Doc. # 33-1 at 18-

19.)  This is a far cry from saying he did not owe the debt as he now claims.

Unsurprisingly, it is not uncommon for debtors to claim they do not recall (or even deny)

owing a debt – even when the debt is in fact owed.  Thus, pursuant to the FDCPA, a

*written* dispute by the consumer is required in order to affect a cease of collections, and thereafter, a verification of the debt.  15 U.S.C. § 1692g(b); *Solomon v. Baer & Timberlake, P.C.*, 504 F. App'x 702, 705 (10th Cir. 2012) (affirming court's ruling and dismissing the plaintiff's claim because the plaintiff "did not dispute the debt in writing, [the collector] was not required to cease collection efforts.").

It is undisputed that Plaintiff failed to provide a written dispute regarding the Shawnee Mission debt until October 2012.  (Doc. # 32 at ¶16; Doc. # 34 at ¶ 16.)  It is also undisputed that once KCI did receive a written dispute from Plaintiff regarding the Shawnee Mission account, KCI did investigate the claim and confirmed that it was not owed by Plaintiff.  KCI thereafter did cease collections of the Shawnee Mission account from Plaintiff and sent a request to Experian asking it to delete the trade line associated with the Shawnee Mission account.  (Doc. # 32 at ¶¶ 16, 17; Doc. # 34 at ¶¶ 16, 17.)  KCI complied in all respects with the FDCPA and is not liable for the conduct alleged.

Finally, Plaintiff's sham affidavit also does nothing to salvage his claim because it too fails to create a genuine issue of material fact. *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986) ("[C]ourts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue.").  Plaintiff alleges that he "does not know who Ava Martin is and is not responsible for [the Emergency Department Physicians" debt.  (Doc. # 34 at 18, 21; *id.*, Ex. C at ¶¶ 12-13, 19.)  In addition, Plaintiff

alleges that he "has never resided at [6118 El Monte Street] and does not owe a debt to Johnson County Wastewater either." (Doc. # 34 at 18, 21; *id*., Ex. C at ¶¶ 14-15, 19.)[4]

Rather than cite to his sworn deposition testimony to support his recently concocted claim, Plaintiff instead relies on his self-serving affidavit to contend that he properly disputed two other debts and therefore collection efforts should have ceased as to those accounts.[5] (*See generally* Doc. # 34 and Ex. C.) It is undisputed that if a consumer orally communicates a dispute of the debt, KCI requests that the consumer put the dispute in writing and once the consumer does so, KCI ceases collections and verifies the debt, pursuant to applicable law.[6] 15 U.S.C. § 1692g(b); *see also* Klutho Dec., Ex. A, Karim Depo. at 39-40, 47-53; Doc. # 33-1 at 102:20-24.) Interestingly, Plaintiff does not even attempt to allege that he provided written disputes to KCI regarding the other two debts he recently claimed he does not owe. (Klutho Dec., Ex. A, Karim Depo. at 73-74; Doc. # 33-1 at 97-104.)

_____

[4] Plaintiff continuously references an "additional three or four other delinquent accounts". (Doc. # 34 at ¶¶ 13, 15, 18, 30-33, 36, 46-47; *see also id*. at 18, 21; *id*., Ex. C at ¶¶ 12-15, 19.) But curiously Plaintiff then only addresses two of the additional accounts that he now denies owing. (Doc. #34 at ¶¶ 30-33, 36, 46-47; *see also id*. at 18, 21; *id*., Ex. C at ¶¶ 12-15, 19.) Plaintiff's omission in this regard suggests that he acknowledges that he is responsible for the amounts owing on the other "additional" delinquent accounts. In any event, KCI has since ceased all collection attempts against Plaintiff. (Doc. # 33-2 at 72:7-12.)

[5] Notably, Plaintiff does *not* assert that he provided a *written* dispute of these debts to KCI as required by the FDCPA. (Doc. # 34 at ¶¶ 13, 15, 18, 30-33, 36, 45-47; *see also id*. at 18, 21; *id*., Ex. C at ¶¶ 12-15, 19.)

[6] For example, it is undisputed that upon receipt of Plaintiff's written dispute regarding the Shawnee Mission account in October 2012, KCI did cease collections and did send a request to Experian to delete the subject trade line. (Doc. # 34 at 5 ¶¶ 16, 17.)

In sum, Plaintiff's sham affidavit fails to establish any genuine issue of material fact sufficient to save his lawsuit.  Such sham affidavits should never be considered in any event because "the utility of summary judgment as a procedure for screening out sham fact issues would be greatly undermined if a party could create an issue of fact merely by submitting an affidavit contradicting his own prior testimony."  *Id*.  In short, Plaintiff has failed to create a genuine issue of material fact.  KCI is entitled to summary judgment.

## CONCLUSION

For the above reasons, KCI is entitled to summary judgment and Plaintiff's Petition should be dismissed in its entirety.

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.

    /s/ Pamela J. Welch
PAMELA J. WELCH          Ks. #21534
8900 Ward Parkway
Kansas City, Missouri 64114
Phone: (816) 421-7100
Fax:    (816) 421-7915
pwelch@fsmlawfirm.com


and

Michael A. Klutho          Ks. #78069
BASSFORD REMELE, P.A.
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota  55402-3707
(612) 333-3000/Fax: (612) 333-8829
mkluto@bassford.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

A Scott Waddell  #20955
Waddell Law Firm, LLC
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
Phone: (816) 221-2555
Fax: (816) 221-2508
scott@aswlawfirm.com
**ATTORNEY FOR PLAINTIFF**


   /s/ Pamela J. Welch
Attorney for Defendant