IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL J. MARTIN,                          )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )          Case No. 13-cv-02041-TJJ
                                            )
KANSAS COUNSELORS, INC.,                    )
                                            )
                    Defendant.              )

## MEMORANDUM AND ORDER

In this removal action, Plaintiff Michael J. Martin asserts claims against Defendant

Kansas Counselors, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA")[1] and

the Kansas Consumer Protection Act ("KCPA")[2] arising from Defendant's actions in attempting

to collect alleged debts from Plaintiff—debts that he alleges he does not owe but that are owed

by another person with the same first and last name. This matter is presently before the Court on

Defendant's Motion for Summary Judgment (ECF No. 31). Defendant moves for summary

judgment in its favor on Plaintiff's claims, arguing it is undisputed that it did not furnish any

information regarding *Plaintiff* to the credit reporting agencies.  The parties have consented to

the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c)

and Fed. R. Civ. P. 73.[3]

---

[1] 15 U.S.C. § 1692 *et seq.*

[2] K.S.A. 50-623 *et seq.*

[3] *See* Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF No.
9).

As discussed below, the motion is granted as to Plaintiff's FDCPA claims. Plaintiff's remaining state law KCPA claims and Plaintiff's request for declaratory judgment with respect to the alleged debts are remanded to Johnson County, Kansas District Court.

I.      **Facts**

The following facts are either uncontroverted or, where controverted, are construed for purposes of this Motion in the light most favorable to Plaintiff, the non-moving party. Immaterial facts and factual averments not properly supported by the record are omitted.

Defendant performs debt collections and attempted to collect alleged debts from Plaintiff within the three years which preceded the filing of this lawsuit.

In June 2010, Plaintiff received dunning or debt collection calls from Defendant. Specifically, on June 24, 2010, Defendant contacted Plaintiff regarding an unpaid medical debt owed to Shawnee Mission Physicians by a "Michael Martin." This unpaid debt had been assigned to Defendant for collections. During the call, in an attempt to verify whether the debt was his, Plaintiff provided Defendant's employee with Plaintiff's personal identification information, including his birthdate, social security number, and address. The information provided by Plaintiff did not match the information in Defendant's file for the debt. Plaintiff alleges that Defendant asked him to pay the disputed debt anyway. Defendant acknowledges that it also contacted Plaintiff by telephone on October 25, 2010, although Plaintiff has not asserted that contact as a basis for his claims.

Plaintiff called the original creditor, Shawnee Mission Physicians, regarding the alleged debt and confirmed that it was not his debt. The creditor's representative told Plaintiff that she would call to have the debt removed from the collection agency or ask them to stop collection

activity.  She also told Plaintiff that the creditor sent the account to Defendant without any social security number and therefore it would not be reported to the credit reporting agencies.

During telephone calls to Plaintiff in June 2012, Defendant's employees alleged that Plaintiff owed additional debts, including a debt to Emergency Department Physicians for an Ava Martin and a debt owed to Johnson County Wastewater for an El Monte Street address. Plaintiff does not know an Ava Martin and claims that he is not responsible for the Emergency Department Physicians debt. Plaintiff has never resided at the address given for the Johnson County Wastewater alleged debt and claims that he is not responsible for that debt.

On October 4, 2010 and November 16, 2010, Defendant furnished certain information about a "Michael Martin" to the credit reporting system. Along with the name, Defendant also furnished personal identification information, including a birthdate and an address. The birthdate and address furnished were not those of Plaintiff.  Defendant did not provide a social security number, middle initial, or phone number for the "Michael Martin" reported to the credit reporting system.

Plaintiff later purchased an investment property, and during the process, discovered that the Shawnee Mission Physicians debt in the amount of $136 appeared on his June 6, 2012 credit report under the entry listing Defendant's name as creditor.  Plaintiff states that this same entry also appeared on Plaintiff's second credit report dated October 22, 2012.

After learning of the June 2012 credit report entry, Plaintiff contacted Defendant. Plaintiff was told that Defendant still listed the Shawnee Mission Physicians account under his name, along with three or four additional delinquent accounts, which were now assigned to his social security number, name, and date of birth. Defendant informed Plaintiff of the process

Plaintiff could use to directly dispute the credit report entry with Experian, the credit reporting agency.

Plaintiff again contacted creditor Shawnee Mission Physicians, whose representative verified that Defendant had been contacted in October 2010 and instructed to halt collections upon Plaintiff related to this alleged debt.

On October 30, 2012, Plaintiff sent Defendant a letter requesting that the Shawnee Mission Physicians medical debt collection be taken off his Experian credit report. Defendant investigated the dispute and submitted a request to Experian to delete the item.

Plaintiff alleges that his credit score has dropped since 2008, and the only difference since then is Defendant reporting him as having a bad debt. He also alleges that "it became very clear" to him that Defendant had obtained his social security number and applied it to its "Michael Martin" accounts.

Defendant no longer wants to collect the debt allegedly owed to Shawnee Mission Physicians from Plaintiff, but maintains that Plaintiff owes the Emergency Department Physicians and Johnson County Wastewater debts.

Plaintiff filed his Petition for Damages in Johnson County, Kansas District Court on December 27, 2012. Defendant filed its Notice of Removal (ECF No. 1) on January 23, 2013, claiming the Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1131.

## II.  Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law."[4] In applying this standard, the Court views the evidence and all reasonable inferences drawn from

---

[4] Fed. R. Civ. P. 56(a).

the evidence in the light most favorable to the nonmoving party.[5]  "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[6]  "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[7]  When examining the underlying facts of the case, the Court is cognizant that all inferences must be viewed in the light most favorable to the nonmoving party[8] and that it may not make credibility determinations or weigh the evidence.[9]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[10]  In attempting to meet that standard, a moving party that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the moving party need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[11]  In such cases, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party

---

[5] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[7] *Id.* (citing *Anderson*, 477 U.S. at 248).

[8] *Matsushita*, 475 U.S. at 587.

[9] *Utah Lighthouse Ministry v. Found. For Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (citations omitted).

[10] *Matsushita*, 475 U.S. at 587 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[11] *Id.* (citing *Celotex*, 477 U.S. at 325).

has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[12]

If the moving party carries this initial burden, then the nonmovant that would bear the burden of persuasion at trial may not simply "rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof."[13]  To accomplish this, sufficient evidence pertinent to the material issue must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.[14]  Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut," rather, it is an important procedure "designed to secure the just, speedy, and inexpensive determination of every action."[15]

## III.       Plaintiff's Claims

In the Pretrial Order,[16] Plaintiff asserts that he is seeking relief for violations of the FDCPA (Count One), for unconscionable acts and practices under the KCPA (Count Two), and for deceptive acts and practices under the KCPA (Count Three).  He also requests a declaratory judgment that he does not owe Defendant, creditor Shawnee Mission Physicians, or anyone else

---

[12] *Celotex*, 477 U.S. at 323.

[13] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[14] *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002) (citations and quotations omitted).

[15] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[16] The Pretrial Order (ECF No. 29) entered in this case on January 22, 2014 provides that "[t]his pretrial order supersedes all pleadings and controls the subsequent course of this case." *See also* D. Kan. Rule 16.2(b) ("The pretrial order, when approved by the court and filed with the clerk, . . . will control the subsequent course of the action . . . .").  Plaintiff thus may rely upon claims asserted and allegations made in the Pretrial Order and is not limited to what he alleged in his Petition.

for the alleged debts and asks that Defendant be enjoined and precluded from collecting these alleged debts from him (Count Six).[17] Plaintiff previously dismissed with prejudice his defamation (Count Four) and Fair Credit Reporting Act (Count Five) claims.[18]

In Count One, Plaintiff claims that Defendant has violated the FDCPA by continuing to attempt to collect upon debts he does not owe, including three debts allegedly owed to Shawnee Mission Physicians, Emergency Department Physicians, and Johnson County Wastewater. These violations include engaging in conduct that had the natural consequence to harass, oppress and/or abuse Plaintiff in connection with the collection of a debt (15 U.S.C. § 1692d); making false, deceptive, or misleading representations or means in connection with the collection of a debt (15 U.S.C. § 1692e); misrepresenting the legal status of a debt (15 U.S.C. § 1692e(2)(A)); using false representations or deceptive means to collect or attempt to collect any debt (15 U.S.C. § 1692e(10)); and utilizing unfair or unconscionable means to collect or attempt to collect a debt (15 U.S.C. § 1692f).[19]

In Count Two, Plaintiff claims that Defendant has violated the KCPA's unconscionable acts and practices statute by generally engaging the following unconscionable conduct in violation of K.S.A. 50-627(a): (1) continuing to attempt to collect a debt from a consumer who does not in fact owe the debt even after Defendant was put on notice that Plaintiff did not owe the debt; (2) continuing to report that Plaintiff owes a consumer debt that Plaintiff does not in

---

[17] *See* Pretrial Order (ECF No. 29) at 5–6, 8.

[18] *Id.* at 8.

[19] *Id.* at 6.

fact owe, even after Defendant was put on notice that Plaintiff did not owe the debt; and (3) generally making unconscionable representations and/or misrepresentations.[20]

In Count Three, Plaintiff claims that Defendant has violated the KCPA's deceptive acts and practices statute by engaging in the following deceptive acts or practices: (1) making willful use of a falsehood as to a material fact in violation of K.S.A. 50-626(b)(2); (2) willfully failing to state a material fact, or willfully concealing, suppressing or omitting a material fact in violation of K.S.A. 50-626(b)(3); and (3) making false statements, knowingly or with reason to know, involving consumer rights, remedies or obligations in violation of K.S.A. 50-626(b)(8).[21]

## IV.    Defendant's Arguments

Defendant argues that it is entitled to summary judgment because the undisputed facts show that it did not furnish any information regarding *Plaintiff* to the credit reporting agencies, but rather it provided information solely pertaining to another Michael Martin. It further argues that it merely furnishes information to the credit agencies and does not control the information once it is sent to the credit agencies and it cannot "apply" information to any particular individual's credit report. According to Defendant, Plaintiff's dispute should be with the credit reporting agency that mistakenly applied another person's credit information to Plaintiff's credit report. Defendant asserts that it cannot be held liable for the conduct of the credit reporting bureau, and that Plaintiff has the burden to prove that Defendant improperly reported Plaintiff's personal identification information to the credit reporting agency in connection with a debt belonging to someone else. Defendant argues that because Plaintiff cannot present prima facie

---

[20] *Id.* at 5.

[21] *Id.* at 6.

admissible evidence to support his theory, his claims fail as a matter of law and summary judgment should be entered.

**V.        Plaintiff's FDCPA Claims**

Plaintiff argues that summary judgment is not appropriate because the uncontroverted facts demonstrate that he meets the three essential requirements to establish an FDCPA violation: ( 1) he is the "consumer" who allegedly owes "debts" or a person who has been the object of efforts to collect consumer debts; (2) Defendant is a "debt collector" as defined under the FDCPA; and (3) Defendant has engaged in acts or omissions in violation of the prohibitions or requirements of the law.

Plaintiff asserts that Defendant violated the FDCPA by continuing to attempt to collect upon debts owed to creditors, which are not his debts and which Defendant was advised were not his debts.  Plaintiff specifically refers to dunning telephone calls made by Defendant's agents and employees in June 2010, insisting that Plaintiff owed a medical debt to Shawnee Mission Physicians, and to such calls in June 2012, during which Defendant's agents alleged that Plaintiff owed debts to Emergency Department Physicians and Johnson County Wastewater.

Plaintiff later purchased an investment property, and in the process of this transaction, he learned that the Shawnee Mission Physicians debt in the amount of $136 appeared on Plaintiff's June 6, 2012 credit report under the entry reflecting Defendant's name. This entry also appeared on Plaintiff's second credit report dated October 22, 2012.

When Plaintiff confronted Defendant in 2012 with the fact that his credit reports still depicted the entry, Plaintiff was told Defendant still had the Shawnee Mission Physicians account under his name and an additional three or four other delinquent accounts now assigned to Plaintiff's social security number, name, and date of birth. Plaintiff again contacted Shawnee

Mission Physicians and they were able to verify and confirm to Plaintiff that Shawnee Mission Physicians contacted Defendant back in October 2010 and instructed it to halt its collection efforts.

Plaintiff claims that Defendant's policy is to continue to collect debts from consumers even after the consumers apprise it that they do not owe the debt. He alleges that Defendant continues to claim that he owes money to two of Defendant's clients, Emergency Department Physicians and Johnson County Wastewater.

Plaintiff claims that these actions by Defendant violated the following specific provisions of the FDCPA:

(a) engaging in conduct that had the natural consequence to harass, oppress and/or abuse Plaintiff in connection with the collection of a debt (15 U.S.C. § 1692d);

(b) making false, deceptive, and misleading representations and collection means in connection with the collection of a debt (15 U.S.C. § 1692e) by

> (1) misrepresenting the legal status of a debt (15 U.S.C. § 1692e(2)(A));

> (2) communicating to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed (15 U.S.C. § 1692e(8));

> (3) the use of false representations or deceptive means to collect or attempt to collect any debt (15 U.S.C. § 1692e(10)); and

(c) utilizing unfair or unconscionable means to collect or attempt to collect a debt (15 U.S.C. § 1692f).

### A.    15 U.S.C. § 1692d – Harassing or Abusive Conduct

Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."[22] The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[23] The FDCPA generally prohibits debt collectors from engaging in harassing and abusive conduct; using false, deceptive, and misleading representations; and using unfair or unconscionable means to collect debts.[24]  A debt collector who violates these broad prohibitions is subject to civil liability[25] or administrative enforcement by the Federal Trade Commission.[26] A debt collector's civil liability arises from the single violation of any FDCPA provision.[27]  "Because the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer."[28]

To prevail on a claim under the FDCPA, a plaintiff must prove that a "debt collector's" effort to collect a "debt" from a "consumer" violated some provision of the FDCPA.[29]  Here,

---

[22] 15 U.S.C. § 1692(a).

[23] 15 U.S.C. § 1692(e).

[24] *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (citing 15 U.S.C. § 1692d, 1692e, 1692f).

[25] 15 U.S.C. § 1692k.

[26] 15 U.S.C. § 1692*l.*

[27] 15 U.S.C. § 1692k(a).

[28] *Johnson*, 305 F.3d at 1117.

[29] *Maynard v. Cannon*, 401 F. App'x 389, 393 (10th Cir. 2010) (unpub.).

Plaintiff has shown that he is a "consumer" under the FDCPA. The definition of a "consumer" under the statute includes those who are mistakenly alleged to owe a debt by a debt collector.[30] Plaintiff falls under the term "consumer" as a natural person "allegedly" obligated to pay a debt.[31] He has also established that the three debts allegedly owed by a Michael Martin to Shawnee Mission Physicians, Emergency Department Physicians, and Johnson County Wastewater are "debts" as that term is defined by 15 U.S.C. § 1692a(5). He has shown that Defendant is a "debt collector" as defined by Section 1692a(6). Finally, Plaintiff has alleged that Defendant violated some provision of the FDCPA.

Plaintiff alleges that Defendant's telephone calls to him in June 2010, attempting to collect the Shawnee Mission Physicians debt, and in June 2012, attempting to collect the Emergency Department Physicians and Johnson County Wastewater debts, violated 15 U.S.C. § 1692d, which provides that: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute further identifies specific conduct that constitutes a violation of the FDCPA, including the use or threat of violence, use of obscene or profane language, publication of a list of consumers who refuse to pay debts, advertisement for sale of debt, causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, and placement of telephone calls without meaningful disclosure of the caller's identity.[32]

---

[30] *See Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1002 (8th Cir. 2011) (holding that the "allegedly obligated" language in § 1692a(3) extends the FDCPA's protections to persons who have been mistakenly contacted by debt collectors to pay an obligation).

[31] 15 U.S.C. § 1692a(3).

[32] 15 U.S.C. § 1692d(1)–(6).

Plaintiff does not explain precisely how Defendant's phone calls violate Section 1692d or what aspect of them constituted harassment, oppression, or abuse. Plaintiff makes only vague and conclusory allegations. He does not allege that Defendant engaged in any prohibited conduct specifically set out in the statute. Plaintiff does not allege that Defendant used threats or obscene language during its phone calls to him, published Plaintiff's name on a list, advertised his debt for sale, excessively or repeatedly rang his phone, or failed to identify itself during the calls. Plaintiff does repeatedly allege that, after he denied owing the debts, Defendant's agents "asked Plaintiff to pay [them] anyway."

Based on Plaintiff's allegations regarding Defendant's phone calls, the Court does not find Defendant's conduct to rise to the level to constitute harassment, oppression, or abuse under Section 1692d. Notably, Plaintiff does not allege that Defendant made calls to Plaintiff or otherwise attempted to collect the Shawnee Mission Physicians debt after the June and October 2010 calls, even though Defendant still had the "Michael Martin" Shawnee Mission Physicians debt on its records. Viewing the evidence and inferences in the light most favorable to Plaintiff, Defendant's June 2010, October 2010, and June 2012 telephone calls do not, as a matter of law, constitute harassment or abuse in violation of § 1692d. The Court therefore grants summary judgment in favor of Defendant on Plaintiff's Section 1692d FDCPA claim.

## B.     15 U.S.C. § 1692e - False, Deceptive, or Misleading Representations

Plaintiff also claims that Defendant violated 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representations or means in connection with collection of any debt." This statute also provides a list of conduct that constitutes a violation of this section of the FDCPA. Examples of prohibited conduct include the false

representation by the debt collector of "the character, amount, or legal status of any debt,"[33] and the "use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[34]  Another example of prohibited conduct is "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."[35]

The list of conduct or practices violating § 1692e is non-exhaustive, and a debt collection practice may violate the FDCPA even if not named within a specific subsection.[36] When deciding claims brought pursuant to § 1692e of the FDCPA, courts have used a "least sophisticated consumer" standard to determine whether a debt collector's representations were false, deceptive, misleading, unfair, or unconscionable.[37]  The Tenth Circuit has not expressly adopted this standard, but it has, in an unpublished opinion, "applied an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the

---

[33] 15 U.S.C. § 1692e(2)(A).

[34] 15 U.S.C. § 1692e(10).

[35] 15 U.S.C. § 1692e(8).

[36] *Caputo v. Prof'l Recovery Servs., Inc.*, 261 F. Supp. 2d 1249, 1255 (D. Kan. 2003) (citing *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)).

[37] *See Carman v. CBE Grp., Inc.*, 782 F. Supp. 2d 1223, 1233 (D. Kan. 2011) (applying an objective standard based on the understanding of the "least sophisticated consumer" to determine whether action by a debt collector is false or deceptive under § 1692e); *Kvassay v. Hasty*, 236 F. Supp. 2d 1240, 1267 (D. Kan. 2002) (evaluating communications under FDCPA from perspective of the "least sophisticated consumer").

debt collector."[38]   The analysis of such claims "focuses on the debt collector's actions and whether an unsophisticated consumer would be harassed, misled or deceived by them."[39]

1.      **15 U.S.C. § 1692e(2)(A) – Misrepresentation of the Legal Status of a Debt**

Plaintiff asserts that Defendant made false, deceptive, or misleading representations by misrepresenting the character, amount or legal status of the alleged debts, which is a violation under § 1692e(2)(A).  Plaintiff, however, fails to explain what particular aspect of the alleged debts Defendant misrepresented.  To the extent Plaintiff is claiming that Defendant misrepresented that Plaintiff owed the alleged debts, the Court does not find this to be a misrepresentation of the character or legal status of the debts.  Defendant's representation that Plaintiff owed the debts was based upon its reasonable belief that Plaintiff actually owed the debts, a belief based upon Plaintiff and the actual debtor having the same first and last name. The Court finds that Plaintiff has not presented evidence to make a sufficient showing that Defendant misrepresented the character, amount, or legal status of any of the alleged debts at issue in this case, which would constitute a violation of Section 1692e(2)(A).

2.      **15 U.S.C. § 1692e(8) – Communication of False Credit Information or Failure to Communicate that Debt Disputed**

Plaintiff next alleges that Defendant violated Section 1692e of the FDCPA by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a

---

[38] *Ferree v. Marianos*, 129 F.3d 130 (table), 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997) (unpub.).

[39] *Caputo*, 261 F. Supp. 2d at 1255 (quoting *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001)).

disputed debt is disputed."[40] Plaintiff fails to specifically identify what false or misleading information Defendant communicated, which would constitute a violation under this section. Presumably, Plaintiff's reference to Section 1692e(8) is premised upon Defendant's furnishing "Michael Martin" information on the Shawnee Mission Physicians alleged debt to the credit reporting agency, Experian, which appeared on Plaintiff's credit report in June 2012.

To the extent Plaintiff is claiming that Defendant provided false information about him to the credit reporting agency, Defendant argues in its summary judgment motion that it did not report any information regarding *Plaintiff* to the credit reporting agencies, but rather that it provided information solely pertaining to another Michael Martin. Defendant argues that it merely furnishes information to the credit agencies and does not thereafter control the information. It cannot "apply" information to any particular individual's credit report. According to Defendant, Plaintiff's dispute should be with the credit reporting agency that mistakenly applied another person's credit information to Plaintiff's credit report. Defendant asserts that it should not be held liable for the conduct of the credit reporting agency.

The uncontroverted facts show that on two occasions, October 4, 2010 and November 16, 2010, Defendant furnished certain information about a "Michael Martin" to the credit reporting system. Along with the name "Michael Martin," Defendant also furnished a birthdate and address for this individual. The birthdate and address furnished were not those of Plaintiff. Defendant did not provide a social security number, middle initial, or phone number for the "Michael Martin" reported to the credit reporting system. Based upon these uncontroverted

---

[40] 15 U.S.C. § 1692e(8).

facts,[41] the Court cannot conclude that Defendant communicated credit information to a credit reporting agency that it knew or should have known was false. Although Defendant did not provide a social security number, middle initial, or phone number for the "Michael Martin" reported to the credit reporting system, Defendant provided sufficient information for the credit reporting agency to apply the information to the correct person's credit report.

If Plaintiff is attempting to show a violation of 15 U.S.C. § 1692e(8) based upon Defendant failing to communicate to the credit reporting agency that the Shawnee Mission Physicians debt was disputed by Plaintiff, that argument is also rejected. Since Defendant was not reporting the Shawnee Mission Physicians debt as being owed by *Plaintiff* and there was no evidence that the actual debtor had disputed the debt, then Defendant was under no legal obligation to report the debt to the credit reporting agency as disputed.

Moreover, there is no evidence in the record that Defendant had any way of knowing the credit reporting agency had incorrectly listed the Shawnee Mission Physicians debt on Plaintiff's credit report until Plaintiff contacted Defendant in June 2012. Soon after that, following a request from Plaintiff, Defendant investigated the dispute and submitted a request to the credit reporting agency to delete the Shawnee Mission Physicians debt from Plaintiff's credit report. Plaintiff has thus failed to show that Defendant furnished credit information which it knew or should have known was false, or otherwise acted in a manner that would fall within the prohibited conduct described in Section 1692e(8).

_____

[41] These facts regarding the information supplied by Defendant to the credit reporting agency are supported by Plaintiff's sworn deposition testimony. Although Plaintiff's response states that these facts are "controverted," that is apparently so merely because Plaintiff's June 2012 and October 2012 credit reports reflect the Shawnee Mission Physicians debt with a reference to Defendant. If Plaintiff is arguing that Defendant supplied the credit reporting agency with *Plaintiff's* social security number and other identifying information in connection with the Shawnee Mission Physicians debt, that is not supported by any evidence in this record.

### 3. 15 U.S.C. § 1692e(10) - Use of False Representations or Deceptive Means

Plaintiff next alleges that Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, which constitutes a violation of the FDCPA under 15 U.S.C. § 1692e(10). Plaintiff fails to identify the alleged particular false representations or deceptive means used by Defendant. Plaintiff has generally alleged that Defendant obtained Plaintiff's social security number and other personal identifier information, and applied this information to its two other "Michael Martin" collection accounts. Plaintiff, however, has presented no evidence that Defendant used false representations or deceptive means to obtain Plaintiff's social security number and other personal identifier information in the first place. Plaintiff testified at his deposition that he provided this information to Defendant during the June 2010 call so that he could determine whether he owed the Shawnee Mission Physicians debt.[42] Based upon the birthdate and address information he provided, Plaintiff was able to determine that he did not owe the debt because his information did not match what Defendant had listed for the person who allegedly owed the Shawnee Mission Physicians debt.

Plaintiff alleges that Defendant used deceptive means to obtain his social security number during the June 2010 telephone call on the Shawnee Mission Physicians debt because Defendant had no need to request that information for comparison since the Shawnee Mission Physicians account was sent to them without an accompanying social security number. Plaintiff presented evidence that Defendant requested Plaintiff provide his social security number, as well as evidence that Defendant did not already have a social security number associated with its

---

[42] Martin Dep., 15:6–17:25, May 13, 2013.

Shawnee Mission Physicians' "Michael Martin" account. Plaintiff testified that a representative of the creditor Shawnee Mission Physicians told him that the "Michael Martin" account had been sent to Defendant with no social security number. Defendant also admitted that no social security number for the Shawnee Mission Physicians debt was ever sent to the credit reporting agency. The Court does not find Defendant to have used deceptive means to obtain Plaintiff's social security number simply because its employee requested Plaintiff's social security number during the June 2010 telephone call. Although the evidence shows that Defendant did not already have a social security number for the Shawnee Mission Physicians debt at the time it first contacted Plaintiff in June 2010, and therefore could not use the social security number to verify that Plaintiff was the correct "Michael Martin," it was reasonable for Defendant's employee to request the social security number as that information is commonly used to verify the identity of a particular consumer who claims that he does not owe the alleged debt.

Plaintiff does not allege the two additional debts Defendant has attributed to Plaintiff have been reported to the credit reporting agency or that Defendant continued to attempt to collect them from Plaintiff. Nor has Plaintiff produced evidence to prove that those debts in fact, are not owed by him. He merely asserts that he does not owe these debts. He claims that he does not know Ava Martin, who is the alleged debtor on the Emergency Department Physicians alleged debt. He further claims that he never resided at the address listed for the Johnson County Wastewater bill.

Other than vague and ambiguous statements in his own affidavit,[43] Plaintiff has presented no evidence that Defendant applied or associated his social security number and other personal

---

[43] Plaintiff states in his Affidavit that "[he] was told Defendant . . . still had the Shawnee Mission Physicians' account under [his] name and an additional three or four other delinquent accounts now assigned to [his] social security number, name, date of birth, etc." Martin Aff.

identifier information to other debts he does not owe and which Defendant is attempting to collect. The evidence presented by Plaintiff on his allegation that Defendant has a general practice of doing this does not support a finding that Defendant used false representations or deceptive means to attempt to collect debts. Plaintiff cites to the deposition testimony of Defendant's Director of Operations, Cameron Haji Karim, to support his allegation that Defendant has a general practice of applying consumers' social security numbers and other personal identifier information to debts that they do not owe. A review of Mr. Karim's testimony, however, reveals that Mr. Karim actually testified that Defendant's policy is to require consumers to put disputes in writing so that Defendant can verify the debt with the client. Plaintiff's purported evidence, therefore, does not support his allegation that Defendant has a practice of applying consumers' social security number to debts they do not owe. Plaintiff has not alleged any conduct by Defendant that would constitute use of false representations or deceptive means to collect a debt or obtain information about a consumer, in violation of § 1692e(10).

Without sufficient evidence that Defendant's conduct falls within the prohibited conduct described in § 1692e(2)(A), 1692e(8), or 1692e(10), Plaintiff must otherwise allege specific conduct where Defendant used false, deceptive, or misleading representations to collect the alleged debts. He has failed to do so. Accordingly, the Court grants summary judgment in favor of Defendant on Plaintiff's Section 1692e claims.

---

(ECf No. 34) at ¶ 19. Plaintiff's Affidavit is not sufficient to support his claims here. The mere fact Defendant still had the Shawnee Mission Physicians debt "under [Plaintiff's] name" is unavailing, given the uncontroverted evidence that Defendant did not attempt to collect the debt after 2010. Additionally, Plaintiff offers no evidence that the additional three or four delinquent accounts were not his.

**C.      15 U.S.C. § 1692f – Unfair or Unconscionable Means to Collect a Debt**

Plaintiff's final FDCPA-based claim is that Defendant violated 15 U.S.C. § 1692f by using "unfair or unconscionable means to collect or attempt to collect any debt." This statute does not define "unfair" or "unconscionable," but it does provide a non-exhaustive list of conduct that could be a violation of the statute. Plaintiff does not allege that Defendant violated any of the subsections identified in 15 U.S.C. § 1692f(1) through (8), but instead appears to rely on the statute's general prohibition against using "unfair or unconscionable" means to collect a debt.

Like his other claimed violations of the FDCPA, Plaintiff again does not specifically identify or describe what unfair or unconscionable means Defendant used to attempt to collect the alleged debts. Plaintiff does argue—in support of his state law KCPA claims—that Defendant's unfair or unconscionable practices are (1) attempting to collect a debt from a consumer who does not owe the debt and after being advised that the consumer does not owe the debt, (2) continuing to report to a credit reporting agency that the consumer owes the debt, and (3) associating a consumer's social security number and date of birth to another similarly-named consumer's debt.

While Plaintiff has presented evidence that Defendant contacted him by telephone in an attempt to collect money to pay debts incurred by another "Michael Martin," Plaintiff has not presented evidence of further contact after he provided Defendant with written notice in October 2012 that he was disputing the alleged debts. Even though Plaintiff alleges that Defendant continued to attempt to collect the debts from him after being advised that he did not owe the debts, he presented no evidence regarding the timing of when he notified Defendant either in writing or verbally that he did not owe the alleged debts. The only evidence presented with

regard to the Shawnee Mission Physicians debt was Plaintiff's deposition testimony that Defendant had been contacted by the creditor Shawnee Mission Physicians and notified that Plaintiff did not owe that debt.

With respect to Plaintiff's allegation that Defendant continued to report to credit reporting agencies that he still owes debts, there is no evidence that Defendant actually reported information about *Plaintiff* to the credit reporting agency. Finally, Plaintiff has presented no evidence that Defendant improperly internally applied or associated social security numbers and other personal information to other similarly named consumer's debts.

Based on the evidence in the record, and viewing that evidence and all reasonable inferences drawn from the evidence in the light most favorable to Plaintiff, the Court cannot conclude that, as a matter of law, Defendant's conduct in this case constitutes the type of unfair or unconscionable conduct prohibited by § 1692f of the FDCPA. Defendant is therefore entitled to summary judgment on this claim.

**VI.     Plaintiff's KCPA State Law Claims and Request for a Declaratory Judgment**

In addition to his FDCPA claims, Plaintiff asserts state law claims for violation of the KCPA. He also requests a declaratory judgment that he does not owe Defendant, creditor Shawnee Mission Physicians, or anyone else for the alleged debts, and asks that Defendant be enjoined and precluded from collecting these alleged debts from him. As jurisdiction is based upon 28 U.S.C. § 1131 and summary judgment is granted on all of Plaintiff's federal claims, the Court must determine whether to exercise supplemental jurisdiction over the remaining state law claims.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original

22

jurisdiction."[44] In making this determination, the district court should consider the factors articulated by the Supreme Court in *United Mine Workers of America v. Gibbs*:[45] judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.[46] "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[47]

Claims for declaratory judgment may be questions of either state or federal law. Federal declaratory judgments are brought pursuant to the Declaratory Judgment Act.[48] Based on that Act, the Court may issue declaratory judgments over any case or controversy within its jurisdiction. Therefore, the Court examines Plaintiff's claim for declaratory judgment to determine whether it is within the Court's jurisdiction. Plaintiff requests a declaratory judgment that he does not owe Defendant, Shawnee Mission Physicians, or anyone else anything on the alleged accounts, and that Defendant be enjoined and precluded from collecting these alleged debts from him. As the issue of whether he owes the alleged debts is a determination to be made under state law, the Court does not have jurisdiction over Plaintiff's declaratory judgment claim. Plaintiff's FDCPA claims were thus the only claims in this action over which the Court had original subject-matter jurisdiction.

In this case, the Court is granting summary judgment in favor of Defendant on Plaintiff's FDCPA claims—the only claims over which this Court has original jurisdiction; Plaintiff's

---

[44] 28 U.S.C. § 1367(c)(3).

[45] 383 U.S. 715, 726 (1966).

[46] *Id.*

[47] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

[48] 28 U.S.C. § 2201(a).

remaining claims involve only state law causes of action.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law KPCA claims or his request for a declaratory judgment as to the underlying debts. The Court therefore remands Plaintiff's remaining KCPA claims (Counts Two and Three) and request for a declaratory judgment (Count Six) to state court.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 31) is granted in part and denied in part.  The Court grants summary judgment in favor of Defendant on Plaintiff's FDCPA claims.  The Court, pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's remaining KCPA claims and Plaintiff's request for a declaratory judgment with respect to the underlying debts, and they are accordingly remanded to Johnson County, Kansas District Court.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 13th day of May 2014.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge
